IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANI S. BUERGER, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 22-00051-KD-B |
| COMERICA BANK, | * |
| Defendant. | * |

## ORDER

Plaintiff Stephani S. Buerger filed a *pro se* complaint alleging that Comerica Bank holds her social security funds but does not sufficiently protect those funds from scammers. (Doc. 1 at 6). At the time of filing, Buerger did not pay the statutory filing fee of $402.00,[1] nor did she file a motion to proceed without prepayment of fees.

Accordingly, Buerger is **ORDERED** to file by **May 24, 2022,** a motion to proceed without prepayment of fees. Buerger is instructed to complete the Court's form in its entirety. In so doing, Buerger shall detail her total monthly household income

---

[1] A filing fee of $350.00 for a non-habeas civil action is imposed by 28 U.S.C. § 1914(a). As of December 1, 2020, a $52.00 administrative fee is also imposed, except in habeas cases and in cases brought by persons who are permitted to proceed *in forma pauperis*. 28 U.S.C. § 1914, Jud. Conf. Schedule of Fees, No. 14. See Jones v. Mack, 2019 WL 1811056, at *5 (S.D.

(including disability, unemployment benefits, food stamps, or any other source of income), and her monthly financial obligations. To the extent that Buerger receives financial assistance from a family member, spouse, or from some other source, she is to list all financial assistance that she receives in meeting her listed monthly obligations, and the source of such assistance. By properly completing the form, Buerger will provide the Court with the information needed to determine her ability to pay the statutory filing fee for this action. In lieu of filing a motion to proceed *in forma pauperis*, Buerger may pay the **$402.00** statutory filing fee by **May 24, 2022**. Buerger is cautioned that her failure to file a motion to proceed without prepayment of fees or to pay the statutory filing fee, as directed by the Court, will result in the dismissal of this action.

In addition, a review of Buerger's complaint reflects that it is deficiently pled and, indeed, largely incomprehensible. Buerger alleges that "this complaint falls under Civil Rights Code Title 42 U.S.C. 2000(d), dominance, vindication, IRS laws and federal request of inquiry." (Doc. 1 at 6). As best the

---

Ala. Apr. 3, 2019), *report and recommendation adopted*, 2019 WL 1810995 (S.D. Ala. Apr. 24, 2019).

Court can discern, in her complaint, Buerger alleges that Comerica Bank holds her social security funds and that its "automated system, online website, Green Dot Chip Card, and banks" with many locations are "harbors for RIFD scams and scammers stealing sometimes hundreds of dollars." (Doc. 1 at 2-3). Buerger seeks a settlement and states that "the court will decide if Comerica employee or staff has scammed any account." (Id. at 7).

A federal court is a court of limited jurisdiction, which is authorized by the Constitution or Congress to hear only certain types of actions. Exxon Mobile Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2012). Accordingly, in reviewing an action, the Court must determine whether it has subject matter jurisdiction. Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009)(noting that "subject matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); see also Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261-62 (11th Cir. 2000)(raising *sua sponte* on appeal

the issue of whether the case involved a sufficient amount in controversy for diversity jurisdiction). In addition, the inquiry into whether a federal court has subject matter jurisdiction should be done at the "earliest possible stage in the proceedings." University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 2000). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." Morrison, 228 F.3d at 1261.

"The plaintiff has the sole responsibility of establishing subject matter jurisdiction." Thomas v. Brooks, 2014 WL 4961428, *3 (S.D. Ala. Sept. 30, 2014) (citing Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). To do so, the plaintiff must allege facts sufficient to demonstrate the existence of federal jurisdiction and include a short and plain statement of the grounds on which the court has jurisdiction over the action. Kirkland Masonry, Inc. v. Commissioner of Internal Revenue, 614 F.2d 532, 533 (5th Cir. 1980).[2]

---

[2] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

When a court considers dismissal for lack of subject matter jurisdiction, it accepts the "well-pled facts as true;" however, a court "is not required to accept a plaintiff's legal conclusions." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009)(citing Ashcroft, at 678-79, 129 S. Ct. at 1949-50), *abrogated on other grounds by* Mohamad v. Palestinian Auth., 566 U.S. 449 (2012)).

A review of Buerger's complaint does not reveal facts which provide any basis for federal jurisdiction.[3] See Fitzgerald, 760 F.2d at 1251. In order for this Court to exercise jurisdiction, Buerger must provide a short and plain statement identifying the basis for this Court's jurisdiction. See Taylor, 30 F. 3d at 1367 ("Congress granted federal courts jurisdiction over diversity actions and cases raising a federal question.").

Here, Buerger appears to be asserting federal jurisdiction on the basis of the "Civil Rights Code Title 42 U.S.C. 2000(d)." However, Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d states:

> No person in the United States shall, on the ground of race, color, or national origin, be

---

[3] To establish federal subject matter jurisdiction for this action, Plaintiff must show the existence of either diversity jurisdiction (pursuant to 28 U.S.C. § 1332) or federal question jurisdiction (pursuant to 28 U.S.C. § 1331).

> excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

To prevail on a claim under Title VI, a plaintiff must prove that the defendant received federal financial assistance and that the defendant engaged in intentional discrimination based on race, color, or national origin. See Alexander v. Sandoval, 532 U.S. 275, 280 (2001); Kelly v. Harrison Cnty. Bd. of Supervisors, 2013 WL 5913767, *3 (S.D. Miss. Oct. 31, 2013)(citing Pathria v. Univ. of Tex. Health Sci. Ctr., 2013 WL 3090280 (5th Cir. June 20, 2013). "Furthermore, the 'primary objective of the Federal financial assistance [must be] to provide employment.'" Kelly, 2013 WL 5913767 at *3 (citing 42 U.S.C. § 2000d-3). The allegations in the instant complaint pertaining to Buerger's claim against Comerica Bank for unsafe banking practices do not meet the pleading standard. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The undersigned observes that, when considering a *pro se* litigant's allegations, a court gives them a liberal construction, holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does

6

not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Ashcroft v. Iqbal, 556 U.S. 662 (2009); see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

Accordingly, Buerger is **ORDERED** to file, on or before **May 24, 2022,** an amended complaint addressing and correcting the deficiencies noted in this order. Buerger is cautioned that failure to timely file an amended complaint which corrects the noted deficiencies as instructed will result in this Court's recommendation that this case be dismissed.

The Clerk is **DIRECTED** to send Buerger a form for a motion to proceed without prepayment of fees, and a copy of the *Pro Se* Litigation Guide. Buerger is encouraged to utilize the Guide in drafting her amended complaint. By following the complaint format set forth in the Guide, Buerger will aid the Court in deciphering her claims.

**DONE** this the **26th** day of **April, 2022.**

                                                          **/s/ SONJA F. BIVINS**
                                          **UNITED STATES MAGISTRATE JUDGE**